**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VICTORIA PRESLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4429 |
| | § | |
| AMERICA FIRST INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is one of many insurance-coverage disputes resulting from property damage after the 2008 hurricane in Houston, Texas.  Victoria Presley, who owns a home in Harris County, Texas, sued her insurer, America First Insurance Co.;  the insurance adjuster, Team One Adjusting Services, L.L.C.; and the individuals who inspected her home, Robert A. Gutierrez and Carolyn Gaulden White.  The suit was filed in Texas state court.  The defendants timely removed on the basis of diversity jurisdiction, arguing that the in-state individual defendant, Gutierrez, was improperly joined.  The plaintiff moved to remand, (Docket Entry No. 6); the defendants responded, (Docket Entry No. 7); and the plaintiff replied, (Docket Entry No. 8).  Based on the motion, response, and reply, the record, and the relevant law, this court grants the motion to remand.  The reasons are explained below.

I.      **The Legal Standard**

A defendant has the right to remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed.  *See* 28 U.S.C. § 1441. A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  In this case, one of the defendants, Gutierrez, is a Texas resident.  Unless Gutierrez's citizenship can be disregarded, remand is required.

To establish that a nondiverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  The second approach focuses on whether plaintiff has asserted a valid state-law cause of action against the nondiverse defendant.  *Id.*  The test is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.*  In determining whether there is a reasonable basis to predict the plaintiff might recover against a defendant under state law, a court conducts "a Rule 12(b)(6)–type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.*  "If the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder."  *Id.*

There are cases in which a further inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id.* at 573–74; *see, e.g.*, *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 311 (5th Cir. 2005) (upholding the district court's piercing of the pleadings when the parties had conducted ten months of postremoval discovery).  No party in the present case has asked for such an inquiry.  The parties have focused solely on whether the plaintiff's state-court petition provides a reasonable basis to predict that they may recover against the in-state defendant under Texas law.  *Smallwood*, 385 F.3d at 573–74.  The

petition filed in the state court at the time of removal controls the inquiry.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court.  *Rubin v. Daimlerchrysler Corp.*, No. Civ. A. H044021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005).

Courts split over whether to apply the federal Rule 12(b)(6) standard or the state-law pleading standard to the state court pleading in evaluating an improper joinder argument.[1]  This court recently reviewed the issue and concluded that when state law provides a more lenient pleading standard, the state-law pleading standard, not Rule 12(b)(6), applies.  *Edwea, Inc. v. Allstate Ins. Co.*, Civ. A. No. H-10-2970, 2010 WL 5099607, at *6 (S.D. Tex. Dec. 8, 2010).  "Texas follows a 'fair notice' pleading standard, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial."  *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x 533, 537 (quoting *Penley v. Westbrook*, 146 S.W.3d 220, 232 Tex. App. — Fort Worth 2004),  *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007)).

---

[1]   *Compare Doucet v. State Farm Fire and Cas. Co.*, No. 1:09-CV142, 2009 WL 3157478, at *5 (E.D. Tex. Sept. 25, 2009) (using Rule 12(b)(6)); *First Baptist Church of Mauriceville, Tex. v. Guideone Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *4 (E.D.Tex. Sept. 29, 2008) (same); *King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) *with Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) (using state law); *Shue v. High Pressure Transps., LLC*, No. 10-CV-0559, 2010 WL 4824560, at *7 n.2 (N.D. Okla. Nov. 22, 2010) (same); *In re Zicam Cold Remedy Mktg., Sales Practices, Prods. Liab. Litig.*, No. 09-md-2096, 2010 WL 3516755, at *2 (D. Ariz. Sept. 1, 2010) (same); *DNJ Logistic Grp., Inc. v. DHL Express (USA), Inc.*, Civ. A. No. 08-CV-2789, 2010 WL 2976493, at *4 (E.D. N.Y. July 23, 2010) (same); *Ruiz v. Forest City Enters., Inc.*, No. 09 CV 4699, 2010 WL 3322505, at *3 (E.D. N.Y. Aug. 20, 2010); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices, and Prods. Liab.*, Nos. 3:09-md-02100, 3:10-cv-20095, 2010 WL 2402926, at *2 (S.D. Ill. June 15, 2010) (same); *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 394 (S.D. N.Y. 2009) (same); *Tofighbakhsh v. Wells Fargo & Co.*, No. 10-830 SC, 2010 WL 2486412, at *3 (N.D. Cal. June 16, 2010)(same); *Warren v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (same); *Pinnacle Choice, Inc. v. Silverstein*, Civ. A. No. 07-5857, 2008 WL 2003759, at *7 (D. N.J. May 6, 2008) (same).

### III.    Analysis

The state-court petition alleges that Gutierrez "purported to inspect Plaintiff's entire home for hurricane damages in only thirty (30) minutes.  Gutierrez conducted a substandard inspection which is evidenced in his report which failed to include many of Plaintiff's damages noted upon inspection.  His estimate did not allow adequate funds to cover repairs to restore the home. . . . Furthermore, the delay in making repairs caused by the unreasonable investigation and underpayment of the claim has caused Plaintiff additional damage."  (Docket Entry No. 1, Ex. A ¶ 19).  The petition alleges that Gutierrez is liable under the Texas Insurance Code because he is a "person" under TEX. INS. CODE 541.002(2).  (*Id.* ¶ 36).  The defendants do not dispute that an individual insurance agent or adjuster may be held liable under the Insurance Code.  *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485–86 (Tex. 1998).

The petition also globally alleges that Gutierrez and the other defendants:

- "misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence," in violation of TEX. INS. CODE § 541.060(a)(1), (Docket Entry No. 1, Ex. A ¶ 23);

- "failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to the Plaintiff under the Policy" in violation of TEX. INS. CODE § 541.060(a)(2)(A), (Docket Entry No. 1, Ex. A  ¶ 24);

- "failed to explain to Plaintiff the reasons for their offer of an inadequate settlement[, by] fail[ing] to offer Plaintiff adequate compensation, without any explanation why full payment was not being made [and] not communicat[ing] that any future settlement or payments would be forthcoming to pay for the entire losses covered under the Policy, [or] provid[ing] any

4

explanation for the failure to adequately settle Plaintiff's claim," in violation of TEX. INS. CODE § 541.060(a)(3), (Docket Entry No. 1, Ex. A ¶ 25);

- "failed to affirm or deny coverage of Plaintiff's claim within a reasonable time [when] Plaintiff did not receive timely indication of acceptance or rejection, regarding the full an entire claim, in writing," in violation of TEX. INS. CODE § 541.060(a)(4), (Docket Entry No. 1, Ex. A ¶ 26);

- "refused to fully compensate Plaintiff, under the terms of the Policy, even though [the] Defendants . . . failed to conduct a reasonable investigation [by] perform[ing] an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property," in violation of TEX. INS. CODE § 541.060(a)(7), (Docket Entry No. 1, Ex. A ¶ 27); and

- "knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff," constituting fraud and civil conspiracy to commit fraud, (*id.* ¶¶ 31, 48–51).

Courts in this district have found that similar combinations of specific factual allegations against the individual insurance adjuster defendant and conclusory legal allegations against all the defendants provide a reasonable basis for predicting recovery against the individual defendant under the Insurance Code.[2] When courts in this district have found improper joinder and denied remand,

---

[2]   *See, e.g.*, *Davis v. Travelers Lloyds of Tex. Ins. Co.*, Civ. A. No. H-09-2260, 2009 WL 3255093, at *7 (S.D. Tex. Sept. 29, 2009) (finding that plaintiff's allegations that defendant "misrepresented to her that the damage to her property was not covered under the policy, even though the damage was caused by a covered occurrence"; "failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim even though liability under the policy was reasonably clear"; "failed to explain to her the reasons for their offer of an inadequate settlement"; "failed to communicate to her that any future settlements or payments would be forthcoming to pay for the entire loss covered under the policy, and failed to provide any explanation for the failure to adequately settle her claim"; "failed within a reasonable time to affirm or deny coverage of the claim to her or submit a reservation of rights to her"; "refused to fully compensate her under the terms of the policy, without conducting a reasonable investigation"; and "performed an

it has usually been when the defendants have provided evidence "strongly showing that recovery against the in-state adjuster would be unlikely." *Harris*, 2010 WL 1790744, at *5; *see also Jimenez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, at *4 (S.D. Tex. Mar. 25, 2010) (denying remand when the in-state adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, Civ. A. No. H-09-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (same); *Frisby v. Lumbermens Mut. Cas. Co.*, Civ. A. No. H-07-015, 2007 WL 2300331, at *5 (S.D. Tex. Feb. 20, 2007) (denying remand when the defendant presented deposition testimony by the plaintiff that the in-state defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion").  No such evidence is present here.

Other cases in which remand has been denied involve a failure to allege any facts about the individual defendant's involvement.  *See, e.g.*, *Bailey v. State Farm Lloyds*, No. Civ. A. H-00-3638, 2001 WL 34106907, at * 4–5 (S.D. Tex. Apr. 12, 2001).  In this case, the petition includes

---

outcome-oriented investigation of her claim, which resulted in a biased, unfair and inequitable evaluation of her losses on the property" provide a reasonable basis for recovery under the Texas Insurance Code); *Harris v. Allstate Tex. Lloyd's*, Civ. A. No. H-10-0753, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010) (finding that the plaintiff's allegations that defendant "misrepresented . . . that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence"; "failed to attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability"; "failed to explain to Plaintiff the reasons for their offer of an inadequate settlement"; "failed to affirm or deny coverage of Plaintiff's claim within a reasonable time"; and "refused to fully compensate Plaintiff under the terms of the Policy" provide a reasonable basis for recovery for common-law fraud and under the Texas Insurance Code); *Leisure Life Senior Apartment Hous. II, Ltd. v. Lloyds of London*, Civ. A. No. H-09-3067, 2009 WL 3834407, at *2 (S.D. Tex. Nov. 12, 2009) (finding that the plaintiff's allegations that an insurance adjuster failed to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim" and failed "to affirm or deny the claim within a reasonable time" provide a reasonable basis for recovery under the Texas Insurance Code); *Rodriguez v. Standard Guar. Ins. Co.*, Civ. A. No. H-10-3065, 2010 WL 4877774, at *2 (S.D. Tex. Nov. 23, 2010) (finding that the plaintiffs' allegations that the defendants "misrepresented to Plaintiffs . . . that damage was not covered . . . even though the damage was caused by a covered occurrence"; "failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of liability"; "failed to explain to Plaintiffs the reasons for their offer of an adequate settlement"; "failed to affirm or deny coverage . . . within a reasonable time"; and "failed to fully compensate Plaintiffs, under the terms of the policy . . . ." provide a reasonable basis for recovery under Texas law).

allegations about Gutierrez's conduct.  Other courts have denied remand based on the federal Rule 12(b)(6) standard instead of Texas's notice pleading standard.  *See, e.g.*, *Moore v. Travelers Indem. Co.*, Civ. A. No. 3:10-CV-1695-D, at *5 (N.D. Tex. Dec. 7, 2010) (citing *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009)).[3]  The more lenient Texas standard is applied here.  *Edwea*, 2010 WL 5099607, at *2.

Because Presley's claims under the Insurance Code survive the improper joinder analysis, it is not necessary to consider the claims for common-law fraud and civil conspiracy.

## IV.     Conclusion

The plaintiff's motion to remand is granted.  This action is remanded to the 11th District Court of Harris County, Texas.

SIGNED on February 7, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[3]     *See also Finkleman v. Liberty Mut. Fire Ins. Co.*, Civ. A. No. H:09-CV-03855 (S.D. Tex. Feb. 4, 2009) (slip op. at 15) (citing *Weldon Contractors*, 2009 WL 1437837, at *3–4, and other cases using the 12(b)(6) standard); *Ford v. Property & Cas. Inc. Co. of Hartford*, Civ. A. No. H-09-1731, 2009 WL 4825222, at *3 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Weldon Contractors*, 2009 WL 1437837, at *4 (citing *Twombly*, 550 U.S. at 555); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *3 (E.D. Tex. May 21, 2009) (citing *First Baptist Church of Mauriceville, Tex.*, 2008 WL 4533729, at *3).